IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| UNITED STATES OF AMERICA | |
| | : |
| | |
| v. | : Criminal Case No. DKC 11-0288 |
| | |
| | : |
| DARRELL JOSE CARTER | |
| (Related Civil No. DKC 16-0856): | |
| JEFFREY EDELEN | |
| (Related Civil No. DKC 16-0866): | |
| SHAMSIDEEN QURAN EBRAHEEM SALAAM | |
| (Related Civil No. 16-0808)   : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this this action challenging Defendants' convictions is a motion filed by Darrell Jose Carter for authorization to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 proceedings. (ECF No. 272). Also pending are motions by defendants Jeffrey Edelen and Shamsideen Quran Ebraheem Salaam to adopt defendant Carter's motion, (ECF Nos. 273 & 276), and a joint motion by all three defendants for an order to govern future proceedings. (ECF No. 278). For the reasons that follow, the discovery motions will be denied and the Government will be directed to respond to the motions to vacate.

I.   **Background**

On November 23, 2011, Mr. Carter was convicted by jury trial, along with codefendants Edelen and Salaam, of conspiracy to kidnap

in violation of 18 U.S.C. § 1201(c).  (ECF No. 88).  He was sentenced to 420 months of imprisonment on September 5, 2012.  (ECF Nos. 177-180).  He timely appealed and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence.  *See United States v. Edelen et al.*, No. 12-4711, 561 F. App'x 226, 229; 2014 WL 961565 (4th Cir. 2014).  The Supreme Court denied a writ of certiorari.

On March 22, 2016, Mr. Carter filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255.  (ECF No. 246).  Following two extensions of time to supplement his motion, Mr. Carter asked the court to hold the case in abeyance pending decisions in *Beckles v. United States*, 15-8544, *Lynch v. Dimaya*, 15-1498, *United States v. Hassan Ali*, 15-4433, *United States v. Simms*, 15-4640, and *United States v. Walter*, 15-4301.  (ECF No. 270).  The court granted this request.  (ECF No. 271).  On August 19, 2017, Mr. Carter filed a Motion for Discovery.  (ECF No. 272).  On November 9, 2020, Mr. Carter filed a Renewed Motion for Discovery.[1]  (ECF No. 283).

---

[1] Mr. Carter's renewed motion for discovery recites verbatim the arguments raised in his first motion for discovery.  Thus, the renewed motion is rendered moot by the instant opinion and accompanying order and therefore, will also be denied.

## II.  Motion for Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  "Rule 6(a) of the Rules Governing § 2255 Proceedings provides that "[a] party may invoke the processes of discovery . . . if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  In *United States v. Roane*, 378 F.3d 382, 402-03 (4th Cir. 2004), the Fourth Circuit identified the following as the "proper standard" in considering such claims:

> The Supreme Court determined in *Harris v. Nelson*, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), and its progeny, *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997), that 'good cause' for discovery exists when a petition for habeas corpus establishes a prima facie case for relief.  *See Harris v. Nelson*, 394 U.S. at 290, 89 S.Ct. 1082.  Specifically, discovery is warranted, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908-09, 117 S.Ct. 1793 (citing *Harris*, 394 U.S. at 299-300, 89 S.Ct. 1082).

(quoting *Johnson v. Pruett*, No. 3:97CV895 (E.D.Va. May 3, 2000). The discovery requests may not be so broad and baseless as to constitute a "fishing expedition." *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990).  Moreover, good cause does not exist

3

if a defendant premises a discovery request on a claim that fails as a matter of law. *See Thomas v. Taylor*, 170 F.3d 466, 474 (4th Cir. 1999) (finding that the trial court did not abuse its discretion in denying discovery request related to claim that failed as a matter of law); *Ramey v. United States*, 2014 WL 12661574 (D.Md. 2014). The burden of demonstrating the materiality of information requested through discovery in habeas proceedings is on the moving party. 28 U.S.C. § 2255.

Defendant Carter moves for leave to conduct discovery on the ground that "it appears that [his current] counsel has not been provided with all of the discovery initially provided to trial counsel." (ECF No. 272, at 2). Mr. Carter asserts that the following items are referenced but not contained in the discovery materials that he possesses: (1) recordings of PGDOC phone calls, subscriber records, and reports and forms Bates stamped 5524-5586; (2) jail calls and portions of his interview video; (3) two DVD's containing video of dashboard cameras and text messages Bates stamped 596; (4) audio recording of the state preliminary hearing on February 14, 2011; (4) his cell phone records; (5) four photos attached but in poor quality; (6) documents bates stamped 5613-5636; (6) any reports generated by federal law enforcement; and (7) all Jencks material provided to trial counsel. (*Id.*, at 2-3). Mr. Carter nonetheless seeks reproduction of "*everything* provided to trial counsel, as well as the federal law enforcement

4

reports, the complete video of Carter's interview, and all Jencks materials." (*Id*., at 5) (emphasis added).   He argues that his "[section] 2255 motion rests, in large part, on claims of ineffectiveness for failing to review all of the discovery provided, failing to interview witnesses and conduct investigation, failing to file appropriate pre-trial motions, and failing to adequately cross-examine government witnesses" and that absent "all of the materials provided to trial counsel . . . it is impossible to determine what materials should have been, but likely were not reviewed by trial counsel." (ECF No. 272, at 3).

Defendant Carter has not established good cause for discovery.   The scope of Mr. Carter's request goes far beyond requesting only specific documents, and in seeking reproduction of the entire file, including items previously produced to him, his request is overbroad and trends toward the sort of "fishing expedition" that the Fourth Circuit cautioned against *in Wilson*. *Wilson*, 901 F.2d at 381.   Moreover, with respect to the items Mr. Carter does specify with particularity, he fails to articulate, in any real detail, how such items would be materially relevant.   Mr. Carter merely speculates that there is a possibly that *some* item in the haystack *could* contain information relevant to his myriad

allegations of ineffective assistance of counsel.[2]  This is an insufficient basis for authorizing discovery.  *See United States v. Moss*, No. 8:05-0338-GRA, 2008 WL 4442613, *1 (D.S.C. Sept. 25, 2008) (quoting *Hall v. United States*, 30 F.Supp.2d 883, 899 (E.D.Va. 1998)) ("a party 'must make at least a preliminary showing that requested documents contain exculpatory or impeaching information in order to compel production.'").  In short, Defendant Carter has not established good cause for discovery because he has failed to put forward any "specific allegations" that, if proved, would "entitle[] [him] to relief."  Because Mr. Carter has failed to demonstrate the requisite good cause necessary for discovery in a § 2255 proceeding, his motion will be denied.  The motions to adopt filed by Defendants Edelen and Salaam, (ECF Nos. 273 & 276), will also be denied, as they rely on the same conclusory and insufficient arguments presented in Mr. Carter's motion.

## III. Motion for Order Governing Future Proceedings

On February 3, 2020, Mr. Carter filed a motion, on behalf of all three defendants, asserting that their cases no longer needed to be held in abeyance and requesting an order governing future

---

[2] Mr. Carter asserts in his motion to vacate that trial counsel was ineffective because he was not prepared to try the case, failed to conduct an investigation and interview witnesses, failed to file or support appropriate motions, failed to move for DNA analysis, failed to determine that the co-defendant's cellphone was allegedly searched without a warrant, and was "overall" ineffective. (*See* ECF No. 246, at 3-6).

proceedings.  (ECF No. 278).  The Government agrees that a stay is no longer warranted and states that it will respond on the merits when ordered to do so.  Accordingly, the stay will be lifted, Defendants will be directed to file their supplements in support of their § 2255 motions, and the Government will be directed to respond.

## IV.  Conclusion

For the foregoing reasons, Defendant Carter's motions for leave to conduct discovery will be denied.  (ECF Nos. 272 & 283). The motions to adopt filed by Defendants Edelen and Salaam, (ECF Nos. 273 & 276), will also be denied.  The jointly-filed motion for an order to govern future proceedings will be granted in part. A separate order will follow.

       /s/
DEBORAH K. CHASANOW
United States District Judge
